BERTHA MICIELI, WIDOW OF JOSEPH MICIELI, DE-
CEASED, DEFENDANT-RESPONDENT, v. ERIE RAIL-
ROAD COMPANY, PROSECUTOR-APPELLANT.

Submitted October 29, 1943—Decided April 13, 1944.

For the defendant-respondent, *Isadore Rabinowitz* and
*Nathan Rabinowitz.*

For the prosecutor-appellant, *Hobart, Minard & Cooper*
(*John J. Gaffey,* of counsel).

The opinion of the court was delivered by

BROGAN, CHIEF JUSTICE. The question in this case is
whether compensation should be paid to petitioner under our
Workmen's Compensation Act (34:15–1, *et seq.*), based upon
the death of her husband, killed on his journey homeward,
as he traveled on the employer's railroad, using a pass for
such transportation provided by the employer. Compensa-
tion was allowed in the Bureau; on appeal, the Court of

Common Pleas affirmed; and on *certiorari,* the judgment was sustained.

A lucid exposition of the facts and the controlling law appears in the opinion of Mr. Justice Perskie for the Supreme Court (130 *N. J. L.* 448). The Supreme Court determined, among other things, first, that the relation of master and servant between the employer and the employee continued, under the circumstances, on the decedent's homeward journey; second, that the railroad pass which Micieli used in his transportation, limited as it was to travel from Paterson, New Jersey, where he resided, to Jersey City, New Jersey, where he worked, and back, was not designed to determine his status as employee under our Workmen's Compensation Act. The first proposition is completely supported by the authorities cited by the Supreme Court; the second is removed from doubt by the fact that an employee suffering injury or death by accident arising out of and in the course of his employment, in cases where the Workmen's Compensation Act is controlling, is not free to release his employer by agreeing that he "assumes all risk of accidents, &c., * * * whether caused by negligence of any railroad company named" on the pass, as in this case. To state it differently, if the injury or death by accident occurred at a time and place where otherwise it would be compensable, as in this case (Compare *Rubeo* v. *McMullen, &c.,* 117 *N. J. L.* 574, 578; 118 *Id.* 530; *affirmed,* 120 *Id.* 182; *Laverty* v. *Ludington Management, Inc.,* 110 *Id.* 410, and cases cited therein), the fact that the employee was using a pass supplied by his employer for travel to and from his place of employment, does not put the employer outside the sphere of liability. The words on the pass quoted above served to delineate the user as one who released the carrier from liability for breach of duty imposed by the common law and by statute. Those words and the others printed on the pass, that the pass was "given gratuitously" and not as a consideration for services, cannot be invoked to justify a surrender of the employee's rights, under the statute, *supra,* if otherwise he was entitled to such rights by the statute and our decisions, *supra.* Micieli therefore was not competent to narrow his own rights or

restrict the employer's liability under the Workmen's Compensation Act.

On the main question the general rule is that an employee who is carried to and from his place of employment as part of his contract of service, or as a *privilege incidental thereto* with no deduction from his regular wages for such transportion, is considered by the weight of authority to be a servant, and not a passenger. (See 10 *Amer. Jur.* 37, § 973, and cases cited. Italics above supplied.) This principle is apt in this case; and the cases in this country are generally in accord (See 62 *A. L. R.* 1445; 145 *A. L. R.* 1035). The English rule was not to the contrary until the decision of the case, *St. Helens Colliery Co.* v. *Hewitson* (1924) *A. C.* 59. It is to be noted that in that case the employer contracted with a railroad company to transport its men home and the employee reimbursed the employer by a certain sum less than ordinary fare for such service. Later English cases followed the rule of the Hewitson decision. The American courts have continued to adhere to the rule stated above even after the decision of the English House of Lords in the Hewitson case (1924). In the instant case free transportation of the employee on the employer's trains (*i. e.,* between Paterson and Jersey City) was, as the Supreme Court found, mutually advantageous to both parties and stamps that feature of the fact situation as an incident of the employment contract.

It is conceded that the contract of employment between the parties was under the Workmen's Compensation Act. Employers are free to exempt themselves from providing and paying compensation under the statute if they elect so to do by notice to the employee to that effect in writing (*R. S.* 34:15-9). But where the employer elects, as in this case it did, to come under the provisions of the statute, legal liability thereunder may not be removed or narrowed by private agreement. This statute was enacted for the general welfare of employees as a class. Society itself has an interest in the matter and it is contrary to the policy of the statute to permit the employer, while choosing to come under article 2 of the statute, *supra,* by failing to make a declaration in writing to the contrary, to escape full liability under the act by

any agreement with the employee which diminishes the rights assured him by the statute. Any such agreement is void because it is against the declared public policy of the state. Compare *Stroebel* v. *Jefferson Trucking and Rigging Co.*, 124 *N. J. L.* 210; *affirmed*, 125 *Id.* 484; *Bronstein & Co.* v. *Hoffman*, 117 *Id.* 500. These cases are typical of the rule on the subject.

The judgment should be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, CASE, DONGES, PORTER, COLIE, WELLS, RAFFERTY, HAGUE, THOMPSON, DILL, JJ. 12.

*For reversal*—None.