**A. G. SPOONAMORE, Plaintiff,**

v.

**LOUISVILLE AND NASHVILLE RAILROAD COMPANY, Defendant.**

**No. 189.**

United States District Court
E. D. Kentucky,
at Richmond.

Dec. 16, 1959.

H. M. Shumate, Shumate & Shumate, Irvine, Ky., for plaintiff.

Denney & Landrum, Lexington, Ky., J. M. Terry, Louisville, Ky., for defendant.

HIRAM CHURCH FORD, Chief Judge.

By this action the plaintiff, A. G. Spoonamore, seeks to recover damages from the defendant railroad company for injuries sustained by him on July 10, 1956, while traveling as a passenger in a private automobile owned and operated by one A. Blake Davis, from his home at Lexington, Kentucky, to Hazard, Ken-

tucky, a distance of approximately 150 miles where he was to enter upon his duties as a locomotive engineer in the operation of the defendant's First Creek Mine Run No. 1 serving the territory between North Hazard and Perritt, Kentucky.

There is no dispute as to the fact that the defendant Louisville and Nashville Railroad Company, Inc. is a common carrier by railroad engaged in interstate commerce and the plaintiff bases his claim entirely upon the Federal Employers' Liability Act, § 1, as amended, 45 U.S.C.A. § 51, the pertinent provision of which is as follows:

"Every common carrier by railroad while engaging in commerce between any of the several States * * * shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce * * * for such injury * * * resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier. * * *

"Any employee of a carrier, any part of whose duties as such employee shall be the furtherance of interstate or foreign commerce; or shall, in any way directly or closely and substantially, affect such commerce as above set forth shall, for the purposes of this chapter, be considered as being employed by such carrier in such commerce and shall be considered as entitled to the benefits of this chapter."

It is necessary to determine, *in limine*, whether the evidence adduced at the trial made out a case cognizable under the above-quoted provision of the Act.

The material facts disclosed by the evidence are as follows:

For many years prior to the incident complained of in this case the plaintiff had been an employee of the defendant engaged in the operation of its coal carrying trains in Eastern Kentucky and held a position of seniority as an engineer in the Eastern Kentucky Division of the Railroad.

Beginning on June 18, 1956, plaintiff was on his annual vacation to July 8. He had not resumed any work for defendant at the time of his injury on July 10, 1956.

On July 3, 1956, the superintendent of the Eastern Kentucky Division of the Railroad issued the following Bulletin Board Order No. A–9963:

"All E. K. Engineers & Firemen:

"Advertisement is placed for one engineer and one fireman to man First Creek Mine Run No. 1, serving the territory between North Hazard and Perritt, including branches, with lay-up at North Hazard, to be called between the hours of 9:00 A.M. and 1:00 P.M., as far as possible and practicable.

"Service will be worked and paid under Article 4(d) and (f) of the Engineers' and Firemen's Agreements.

"Sunday will be designated off day.

"Service will start July 10, 1956.

"Bids will be received until 9:00 A.M. July 9, 1956."

By letter dated July 7, 1956, the plaintiff placed with defendant his bid for the position of engineer described in the above-quoted bulletin, to which position he was entitled by reason of his seniority.

At about 6 A.M. on July 10, 1956, the plaintiff left Lexington in company with Mr. Davis and Fred Veal, all of whom were en route to Hazard to report for duty. They traveled in Mr. Davis' car, but instead of following the usual route by way of Winchester and Highway No. 15, they drove through Ravenna and Irvine where Mr. Davis desired to attend to business of a personal nature. While at Irvine, plaintiff telephoned the dispatcher at Ravenna and informed him that they would arrive in Hazard and be available for the 11:00 o'clock call of the First Creek Mine Run No. 1.

292

On the way from Ravenna to Hazard, while traveling on Kentucky Highway No. 28, the automobile of Mr. Davis collided with a truck at the intersection with Kentucky Highway No. 80, approximately 4 miles from Hazard, and plaintiff's injuries herein complained of resulted from that collision. No injury occurred to plaintiff on the premises of defendant nor on any area adjacent thereto.

It is clear from the evidence that in traveling the long distance from his place of residence to the place where he was to begin the duties of his employment the plaintiff was free to choose the means of transportation as well as the route to be followed. Transportation by public bus was available, and his traveling with Mr. Davis was entirely a matter of his own voluntary choice for reasons personal to him. It was a matter over which the railroad exercised no direction nor control.

At the time of his injury neither the plaintiff nor Mr. Davis, the driver of the car, were functioning within the scope of their employment nor in the performance of any of their duties as employees of the defendant railroad. All that was required of them was to present themselves for work at the appointed time and place.

In view of the above facts, it follows as a matter of law that at the time of his injury plaintiff was not within the coverage of the Act upon which he relies.

To extend the coverage of the Federal Employers' Liability Act to plaintiff who at the time of his injury was merely proceeding on his way to his place of work by means of transportation which he voluntarily selected would seem to go far beyond any test "laid down in any of the decided cases which have come to our attention." Metropolitan Coal Co. v. Johnson, 1 Cir., 265 F.2d 173, 178; Sassaman v. Pennsylvania R. Co., 3 Cir., 144 F.2d 950.

The above findings of fact and conclusions of law render it unnecessary to consider or determine the question in respect to the alleged negligence of Davis in the operation of the automobile or as to whether the release referred to in the record which was executed by the plaintiff was effective to bar this action.

For the reasons indicated the relief sought by plaintiff under the Federal Employers' Liability Act must be denied and the complaint dismissed. Let judgment be submitted for entry in conformity herewith.