George GETTY, Plaintiff-Appellant,

v.

BOSTON AND MAINE CORPORA-
TION, Defendant-Appellee.

No. 74–1174.

United States Court of Appeals,
First Circuit.

Argued Oct. 7, 1974.

Decided Nov. 15, 1974.

James F. Freeley, Jr., Boston, Mass.,
with whom Louis A. Guidry and Feeney
& Freeley, Boston, Mass., were on brief
for plaintiff-appellant.

John J. O'Brien, Boston, Mass., with
whom John J. C. Herlihy and Hale,
Sanderson, Byrnes & Morton, Boston,
Mass., were on brief, for defendant-ap-
pellee.

Before COFFIN, Chief Judge, and
ALDRICH and CAMPBELL, Circuit
Judges.

LEVIN H. CAMPBELL, Circuit
Judge.

In this FELA action plaintiff appeals
from a judgment entered upon a directed
verdict in favor of defendant railroad.
At the close of plaintiff's evidence the
district court ruled that there was noth-
ing upon which a jury could find that
plaintiff had been within the scope of
his employment at the time he was in-
jured. Since such a finding is a prere-
quisite for recovery under the FELA,
45 U.S.C. § 51, the court granted de-
fendant's motion for a directed verdict.
Fed.R.Civ.P. 50(a). We affirm.

Appellant was employed by defendant
as a carman. His duties consisted of
repairing cars and engines of defendant
in defendant's engine house located on

the boundary line between Charlestown, Massachusetts, and Somerville, Massachusetts. Appellant's workday began at the engine house at 7 a. m. and continued until 3 p. m.; he was not compensated for commuting time. Shortly after 6 a. m. on the day of the accident appellant drove his automobile from his home to defendant's train station in Woburn, Massachusetts, a distance of approximately a quarter of a mile. He intended to board one of defendant's regularly scheduled passenger trains which made a practice of stopping at the engine house to let off railroad employees working there. (The train would then proceed to Boston's North Station to discharge regular passengers.) Appellant had a pass which entitled him to free use of defendant's trains. However, the railroad did not require him to use any special mode of conveyance to and from work, and appellant commuted sometimes by car and sometimes by train.

During the previous night it had snowed heavily, and the deep snow surrounding the Woburn station had not yet been removed when appellant arrived. The new fallen snow lay over packed snow and ice accumulated from previous storms. After parking his automobile, appellant proceeded on foot towards the station platform, but before reaching it he slipped and fell, severely breaking his right leg.

Appellant argues that on these facts, considered in the light most favorable to him, Continental Ore Co. v. Union Carbide & Carbon Corp., 370 U.S. 690, 696, 82 S.Ct. 1404, 8 L.Ed.2d 777 (1962), a jury could find him to have been in the course of his employment at the time he slipped and fell. He recognizes that this court adopted an apparently contrary construction in Metropolitan Coal Co. v. Johnson, 265 F.2d 173 (1st Cir.

1959). There we held that a railroad employee, injured while riding one of his employer's passenger trains to the place where his work was to begin, was not yet within the scope of his employment for FELA purposes. (Like appellant, Johnson had been furnished a free pass on his employer's trains.) The district court thought that Metropolitan Coal and a Third Circuit case cited therein, Sassaman v. Pennsylvania R.R., 144 F.2d 950 (3d Cir. 1944), controlled the present action.

■ It is appellant's contention that he comes within an exception implied in Metropolitan Coal for an employee who is "required to go to work on the defendant's passenger train." 265 F.2d at 178.[1] See also Sassaman, supra, 144 F.2d at 953. He argues that the heavy snowfall made alternative routes unavailable, compelling him to utilize defendant's train on the morning of the accident. Thus, he says, he was required to traverse the Woburn station's parking lot as an incident of his employment.

■ But we do not believe that a commuting railroad worker brings himself within FELA coverage merely by demonstrating that on a given day outside conditions, such as inclement weather, made it impracticable for him to use a means of travel other than his employer's train. The sort of necessity referred to in Metropolitan Coal must, we think, stem more directly from a specific requirement of his job or a specific understanding as to his mode of travel. There will always be circumstances outside the employer's control conditioning an employee's choice: on a particular day the employee's spouse may need the family car, he may lack money to use other transportation when free rail transit is available, the energy

---

1. The court in Metropolitan Coal took note that the plaintiff employee was

"not on a part of [the] premises which it was necessary for him to use to reach his work. He was not required to go to work on the defendant's passenger train. He could have taken any one of a number of other routes, trains or means of transportation to go from his home to his work."
265 F.2d at 178. The court did not, of course, say that those alternative means were particularly realistic options, given the length of the journey (from Rhode Island to Boston) and the availability of a free railroad pass.

shortage may place gasoline in short supply, or he may have chosen to do without a car and live near the station for convenient commutation. While any of these circumstances might make alternative ways of commuting impracticable on a given day, this result must ultimately be attributed to employee decisions over which the employer ordinarily has no control. A rule of exception must yield predictable consequences, and, absent circumstance indicating a special arrangement with one's employer, subjective conditions resulting from employee choices of where to live and how to travel are insufficiently related to employment to determine the coverage of the federal statute.

■ One commuting to work is ordinarily not deemed to be within the course of his employment. It was determined in *Metropolitan Coal* that Congress did not intend this usual principle to be altered by the fortuity that the injured commuter was employed by the utility within whose conveyance he was riding as a passenger.[2] The situation may change if getting to work requires the employee to face unique hazards,[3] or if the employer takes away the employee's freedom of choice as to means of travel. In the latter case, the employer's insistence upon a particular means would strongly suggest that in using that means the employee was conferring some benefit upon the employer.

But where the choice is left entirely to the employee, we do not think that incidental practicalities should alter the general rule that the commuting employee is outside the course of his employment.

■ The Third Circuit in *Sassaman* indicated that any exception claimed on the ground of necessity must stem from "employer compulsion."[4] We need not lay down a rule in hard and fast terms. "Each case must be decided on its peculiar facts and ordinarily no one feature of the relationship is determinative." Baker v. Texas & Pacific Ry., 359 U.S. 227, 79 S.Ct. 664, 3 L.Ed.2d 756 (1959), *quoting* Cimorelli v. New York Central R.R., 148 F.2d 575, 577 (6th Cir. 1945). We are satisfied that compulsion due to a freak weather condition does not serve to bring an otherwise excluded commuter within the scope of FELA coverage. Appellant was confronted by the icy surface around the Woburn station exactly as were all the other commuters utilizing defendant's trains. *See* Parker v. Long Island R.R., 425 F.2d 1013, 1015–1016 (2d Cir. 1970) (Friendly, J., dissenting). We perceive no reason why he should receive favored treatment simply because he happened to be employed by the operator of the public conveyance.[5]

The judgment of the district court is affirmed.

2. State workmen's compensation statutes have sometimes been differently construed. *See,* e. g., Brown v. Pittsburgh Ry., 197 Pa.Super. 68, 177 A.2d 5 (1962); Micieli v. Erie R.R., 131 N.J.L. 427, 37 A.2d 123 (1944). *But see* Tallon v. Interborough Rapid Transit Co., 232 N.Y. 410, 134 N.E. 327 (1922); Jacksonville Coach Co. v. Love, 101 So.2d 361 (Fla.1958). See generally 1 A. Larson, Workmen's Compensation § 17.20 (1972).

3. *See* Metropolitan Coal Co. v. Johnson, 265 F.2d 173, 178 (1st Cir. 1959); *cf.* 1 A. Larson, Workmen's Compensation § 15.13 (1972).

4. "There was absent, therefore, the employer compulsion as to the mode of travel to and from work which serves to attach or continue the employee relationship, away from the place of employment, and makes an interstate employee's right of recovery for injury remediable under the [FELA]." 144 F.2d at 953.

5. For tactical reasons appellant elected not to append any common law claims to his FELA counts. Thus, the availability of relief under state law is not before us.