George W. THOMPSON, Plaintiff,

v.

**NATIONAL RAILROAD PASSENGER CORP., and Amtrak Commuter Services Corp., Defendants.**

**No. 90 C 06222.**

United States District Court, N.D. Illinois, E.D.

June 12, 1991.

Gary B. Friedman, Gary B. Friedman, Ltd., Roy Olson, Terri L. Proper, Chicago, Ill., for plaintiff.

C. Roy Peterson, Cindy Brady, Lord, Bissell & Brook, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Defendant National Railroad Passenger Corp., sued in its own name and as Amtrak Commuter Services Corp. ("Amtrak"), has moved for summary judgment on plaintiff George W. Thompson's complaint. Thompson's action alleges that Amtrak violated 45 U.S.C. §§ 51–60 (1988), commonly referred to as the Federal Employers' Liability Act ("FELA"). Specifically, Thompson alleges negligence by Amtrak on October 27, 1987 when the train on which he was commuting to work collided with a truck on the railroad tracks, causing him to sustain certain physical injuries. Amtrak contends that at the time of the accident Thompson was not within the scope of his employment and thus is not entitled to sue under FELA. For the reasons set forth below, we agree with Amtrak, and grant the motion for summary judgment.

### I. Summary Judgment Standard

Under the Federal Rules of Civil Procedure, summary judgment is appropriate if "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c). This standard places the initial burden on the moving party to identify "those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986) (quoting Rule 56(c)). Once the moving party has done this, the non-moving party "must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e).

### II. Factual Background

Thompson was employed by Amtrak as a waiter or "service attendant" for approximately seventeen years. Thompson Affidavit at ¶ 2. In October 1979 he moved from Chicago to Buchanon, Michigan and thereafter commuted from Niles, Michigan to Chicago, where he boarded his regular train, which ran between Chicago and San Antonio, Texas. *Id.* at ¶¶ 3–5; Thompson Deposition at 7. Thompson was not paid for the time he spent commuting to work, nor was he subject to the orders of his supervisors during this time. Thompson Deposition at 15; Cavanaugh Affidavit at 1. Amtrak did not require Thompson to commute by train, although it did permit him to travel for free by issuing him a pass. Thompson Deposition at 14.[1]

### III. FELA

The relevant FELA provision, 45 U.S.C. § 51, states in part that "[e]very common carrier by railroad while engaging in commerce between any of the several States or Territories ..., shall be liable in damages to any person suffering injury *while he is employed* by such carrier in such commerce ..." (emphasis supplied). Thompson has failed to allege or demonstrate that the period during which he commuted constituted employment under FELA.

Thompson relies primarily on two cases in concluding that his injuries should be

---

**1.** While it is disputed whether Thompson used a monthly pass or a "rail travel privilege card"—Amtrak even suggests that it was the "travel alternative" of such a card, Motion at 2—this distinction is irrelevant. It is undisputed that Amtrak did not require Thompson to use any pass or to use its trains to commute to work. Thompson Deposition at 14 (Q: "[I]f you had a second car, you could have used your car [to commute to work]?" A: "I could have used it.").

covered under FELA, but he misinterprets these cases. He first contends that although commuting does not normally fall under FELA, *Quirk v. New York, C. & St. L. R.R.*, 189 F.2d 97 (7th Cir.), *cert. denied*, 342 U.S. 871, 72 S.Ct. 105, 96 L.Ed. 655 (1951); *see also Getty v. Boston & Maine Corp.*, 505 F.2d 1226 (1st Cir.1974), the result is different if the railroad requires the employee to use a special conveyance to and from work. *Metropolitan Coal Co. v. Johnson*, 265 F.2d 173, 178 (1st Cir.1959). Thompson argues that his move to Michigan was predicated on Amtrak's agreement to provide transportation to his job site, and thus his injury falls under the exception referred to in *Metropolitan Coal.*

In that case, however, the First Circuit did not conclude that an employee injured while commuting to work would automatically be covered under FELA. *Id.* at 177. The court considered two critical factors in deciding whether a commuting employee was covered under FELA: first, whether the employee was required to commute on the defendant's train; and second, whether the employee was injured as a result of the hazards incident to his work. *Id.* at 178. Thompson was not required to commute to work on Amtrak trains, nor was his injury the result of hazards incident to his work as a service attendant.

Thompson also relies heavily on *Penn Central Corp. v. Checker Cab Co.*, 488 F.Supp. 1225 (E.D.Mich.1980), in arguing that his injury occurred as a result of an "operational activity," and thus falls under FELA. In *Penn Central*, the railroad paid an outside agent, Checker Cab, to transport employees from one railroad yard to another. *Id.* at 1227. Thompson's case is distinguishable because he was not travelling from one employment site to another, nor had the defendant paid an independent agent or contractor to transport Thompson. Therefore, Thompson's commute cannot be considered an "operational activity."

### IV. Conclusion

Because Thompson has failed to demonstrate any genuine issue as to any material fact pursuant to Rule 56(e) of the Federal Rules of Civil Procedure, we grant Amtrak's motion for summary judgment. Injuries sustained by Thompson during his commute to work are not covered by FELA. It is so ordered.