993 F.2d 1551
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Marta LOYA, as Personal Representative of the Estate of
Hector Loya, Plaintiff-Appellant,
v.
DENVER & RIO GRANDE WESTERN RAILROAD COMPANY, Defendant-Appellee.
 No. 92-1076.
 United States Court of Appeals, Tenth Circuit.
 May 5, 1993.
 
 Before MCKAY and EBEL, Circuit Judges, and LEONARD, District Judge.[1]
 ORDER AND JUDGMENT*
 EBEL, Circuit Judge.
 
 
 1
 The Plaintiff-Appellant's deceased husband, Hector Loya, was a maintenance-of-way worker employed by the Defendant-Appellee, Denver and Rio Grande Western Railroad Company ["the Railroad"]. On Sunday, April 9, 1989, Mr. Loya was returning from his permanent home in Denver to his place of employment near Silt, Colorado, approximately 170 miles west of Denver, when he was severely injured in an automobile accident. Mr. Loya's co-worker, who was driving the pick-up truck at the time of the accident, lost control of the truck on a snowy interstate highway. Mr. Loya was thrown from the windshield of the truck into oncoming traffic and died of his injuries on May 2, 1989.
 
 
 2
 Mrs. Loya brought this suit under the Federal Employers' Liability Act ("FELA"), 45 U.S.C. § 51, as personal representative of Mr. Loya's estate. The district court granted the Railroad's motion for summary judgment on the ground that Mr. Loya was not acting within the scope of his employment at the time of his injury and thus was not covered by the FELA. The Plaintiff now appeals the dismissal of her case.
 
 
 3
 We review the grant of summary judgment de novo. Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir.1990). Summary judgment is appropriate when there is no genuine dispute over a material fact and the moving party is entitled to judgment as a matter of law. Rusillo v. Scarborough, 935 F.2d 1167, 1170 (10th Cir.1991). We view the record in the light most favorable to the Plaintiff. See Deepwater Invs., Ltd. v. Jackson Hole Ski Corp., 938 F.2d 1105, 1110 (10th Cir.1991).
 
 
 4
 We hold that, taking the evidence in the light most favorable to the Plaintiff, the Railroad is entitled to judgment as a matter of law. Recovery under the FELA is permitted only if Mr. Loya's injury occurred "while he [was] employed by" the Railroad. 45 U.S.C. § 51. We have interpreted this provision as imposing liability for "not only the actual work performed in interstate commerce, but those acts which can be said to be necessarily incident thereto." Atchison, Topeka & Santa Fe R. Co. v. Wottle, 193 F.2d 628, 630 (10th Cir.1952). However, we also recognized that the FELA was not meant to cover all of a railroad employee's activities:
 
 
 5
 [G]iven the most liberal interpretation, the Act cannot be extended to cover activities not necessarily incident to or an integral part of employment in interstate commerce. It obviously does not cover activities undertaken by an employee for a private purpose and having no causal relationship with his employment.
 
 
 6
 Wottle, 193 F.2d at 630. Generally, employees injured while commuting to and from work are not considered to be within the scope of their employment for FELA purposes. See, e.g., Getty v. Boston and Marine Corp., 505 F.2d 1226, 1228 (1st Cir.1974); Metropolitan Coal Co. v. Johnson, 265 F.2d 173, 178 (1st Cir.1959); Quirk v. New York, Chicago & St. Louis R.R., 189 F.2d 97, 100 (7th Cir.), cert. denied, 342 U.S. 781 (1951); Sassaman v. Pennsylvania R.R., 144 F.2d 950, 952-54 (3d Cir.1944); Williams v. Norfolk So. Ry., 767 F.Supp. 756, 758-59 (E.D.Va.1991); Spoonamore v. Louisville and Nashville R.R., 179 F.Supp. 290, 292 (E.D.Ky.1959). Although courts have been reluctant to establish a per se rule, this line of cases has led to a doctrine known as the "commuter rule."
 
 
 7
 The Plaintiff contends that Mr. Loya was under the Railroad's control and therefore was acting within the scope of his employment when the accident occurred. She cites several undisputed facts in support of this contention: (1) the movable nature of Mr. Loya's employment site--at which the Railroad provided living quarters in a railroad car outfitted with bunks, a kitchen, and a bathroom--created the necessity for travel, because his family could not live with him nor could his children attend school even if they could live with him at the work site, Aplt.App. D-25; F-34; (2) Mr. Loya's employment contract stated that "[w]hen conditions of the work permit," Railroad employees "will be allowed to make weekend visits to their home," Aplt.App. F-35; (3) Railroad employees unable to return to work on Monday were required to notify the Railroad's Division Offices by 7:30 a.m. Monday, Aplt.App. D-19; (4) Mr. Loya went to Denver to do laundry, see his family, and buy groceries because he could not read English food labels and the grocery stores near his workplace did not carry the Mexican foods he liked, Aplt.App. H-41, 46; and (5) Mr. Loya was paid a per diem of $9.95 per day, including Saturdays and Sundays, as long as he was not voluntarily absent from work on Monday and Friday, Aplt.App. D-20, F-34.
 
 
 8
 Taking these facts as true, we nevertheless believe that no reasonable jury could find for the Plaintiff and that summary judgment was therefore proper. This case is governed by the commuter rule and Wottle. In Wottle, the railroad employee was responsible for providing food and bedding for his own use in the bunk car. We held that the employee's trip to purchase groceries could not be considered within the scope of FELA coverage because "he was on a mission wholly unconnected and unrelated to his employment." 193 F.2d at 631. Given that Mr. Loya made voluntary choices as to where to buy his food and how to travel to his permanent home, we decline to hold on the facts of this case that there existed the level of control by the Railroad necessary to constitute employment or acts incident thereto. Nor do we find indicative of Railroad control the fact that Mr. Loya had to notify the Railroad if he could not attend work on Mondays or the fact that Mr. Loya could be required to work on weekends.
 
 
 9
 The major distinction between Wottle and Mr. Loya's case is that Mr. Loya received a daily per diem for the purchase of food and linens, even when he did not work on Saturdays and Sundays. Although pay can be an indicia of control by the employer and therefore an indication that Mr. Loya was within the scope of employment, the per diem in this case merely served as an incentive for Mr. Loya to come to work on Monday because per diem was not paid for the weekend unless the employee showed up for work on Monday. The payment of a per diem, in the absence of other evidence of control by the Railroad, does not indicate that Mr. Loya was acting within the scope of his employment at the time of the accident.
 
 
 10
 Indeed, a number of facts compel the conclusion that the Railroad exercised no control over Mr. Loya's weekend activities. Mr. Loya chose to go to Denver, chose when to go to Denver and when to return to Silt, chose the means of transportation, and chose the route of travel. There are no facts supporting a finding that the Railroad exercised control over Mr. Loya at the time of the accident or that Mr. Loya was acting within the scope of his employment at the time of the accident. We therefore AFFIRM the district court's order granting the Railroad's motion for summary judgment.
 
 
 
 [1]
 The Honorable Timothy D. Leonard, United States District Judge for the Western District of Oklahoma, sitting by designation
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3