In the Matter of the Claim of JOSEPH MURPHY, Appellant, *v.* NEW YORK CITY TRANSIT AUTHORITY, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, March 7, 1972.

*Markhoff, Gottlieb, Lazarus, D'Auria & Maldonado (Burton A. Lazarus* of counsel), for appellant.

*John G. De Roos (John A. Murray* and *Helen R. Cassidy* of counsel), for New York City Transit Authority, respondent.

*Louis J. Lefkowitz, Attorney-General (Daniel Polansky* of counsel), for Workmen's Compensation Board, respondent.

SWEENEY, J. This is an appeal from a decision of the Workmen's Compensation Board, filed November 19, 1969, which denied a claim for compensation benefits.

The sole issue presented on this appeal is whether claimant's injuries arose out of and in the course of his employment. Claimant was employed by the New York City Transit Authority as a clerk. He was assigned to a change booth located at the Pelham Bay station, working on the 11:00 P.M. to 7:00 A.M. shift. On the day in question he left the booth at about 6:45 A.M. He took a train for which he had been issued a pass, proceeded five blocks, got off, went downstairs and while descending the stairs to the street, he fell and was injured. The board, in finding that the accident did not arise out of and in the course of claimant's employment, stated " he had completed his tour of duty, was on his way home, by route of his own choice, and had traveled a distance from his assigned place of work, removing him from the precincts of his place of employment ". There is substantial evidence to sustain the board. (*Tallon* v. *Interborough R. T. Co.*, 232 N. Y. 410; *Matter of Kowalek* v. *New York Cons. R. R. Co.*, 229 N. Y. 489; cf. *Matter of Lane* v. *Fort Neck Dredging Co.*, 28 A D 2d 949, affd. 22 N Y 2d 965.) The cases relied upon by the claimant are factually distinguishable.

The decision should be affirmed, without costs.

HERLIHY, P. J. (dissenting). The board determined, as a matter of law, premised upon the Court of Appeals cases cited by the majority that the claimant was not entitled to the benefits of the Workmen's Compensation Law as he had removed himself " from the precincts of his place of employment ". I dis-

agree. In my opinion, neither case is a controlling precedent governing the present factual situation when workmen's compensation benefits are considered *in præsenti.*

*Tallon* v. *Interborough R. T. Co.* (232 N. Y. 410 [1922]), concerned a direct action brought by the administratrix against the Transit Co. to recover damages for her husband's death. In the answer an affirmative defense was interposed that the accident arose out of and in the course of the decedent's employment. The trial court, however, ruled that as a matter of law the decedent who was riding to work on one of the transit trains '' was a passenger ''. Following a verdict in favor of the administratrix the Appellate Division reversed and dismissed the complaint on the ground that recovery was limited to the benefits under the Workmen's Compensation Law, '' i.e., that he was injured in an accident arising out of and in the course of his employment ''. The Court of Appeals reversed and affirmed the trial court. That decision is not a precedent governing a factual situation to be determined by the Workmen's Compensation Board.

In *Matter of Kowalek* v. *New York Cons. R. R. Co.* (229 N. Y. 489 [1920]) a train dispatcher had left his office and gone to the station platform apparently intending to board a train to go home following his work. He was permitted to ride without charge. In what appears from the decision to be an unwitnessed accident the train dispatcher's dead body was found along the railroad tracks. The court held (p. 493), *inter alia,* that decedent having arrived upon the passengers' platform that '' The danger to which he was there exposed existed as to all persons who exercised the common privilege of going there for the purpose of being transported.''

In *Matter of Harrigan* v. *New York City Tr. Auth.* (1 A D 2d 635 [1956]), the claimant testified to facts relatively similar to those in *Matter of Kowalek (supra)* and this court, in reversing a decision disallowing the claim and remitting to the board stated (pp. 636–637) : '' The subway platform, while used by the public, was not quite in the same category as a public street.''

In *Matter of Jasaitis* v. *City of Paterson* (55 N. J. Super. 138), a workmen's compensation award was affirmed where a uniformed policeman, while riding free on a bus, received compensable injuries. (Cf. *Sullivan* v. *City & County of San Francisco,* 95 Cal. App. 2d 745.)

The board here found that the claimant had been removed '' from the precincts of his place of employment '', but it is readily apparent that the compensation law has generally

changed directions during the interim between the Court of Appeals decisions (*supra*) and the present and that the "precinct doctrine" has been extended and broadened. (See *Matter of Lynch* v. *City of New York*, 242 N. Y. 115 [1926]; *Matter of Evans* v. *J. W. Mays, Inc.*, 25 A D 2d 597, mot. for lv. to app. den. 17 N Y 2d 423; *Matter of Berry* v. *B. Gertz, Inc.*, 21 A D 2d 708; *Matter of Camaro* v. *Starbuck*, 19 A D 2d 927; *Matter of Brienza* v. *Le Chase Constr. Corp.*, 17 A D 2d 83; *Matter of Rosenwasser* v. *Lanes Lake Success*, 9 A D 2d 1001.)

Another line of cases which have been substantially extended during the interim are those concerned with "per diem or travel allowances." (See *Matter of Fisher* v. *Otis Elevator Co.*, 28 A D 2d 598, affd. 22 N Y 2d 665; *Matter of Lane* v. *Fort Neck Dredging Co.*, 28 A D 2d 949, affd. 22 N Y 2d 965.)

The added fact that the claimant was injured while on his employer's premises and, therefore, entitled to the presumption under subdivision 1 of section 21 of the Workmen's Compensation Law was not considered.

The claimant, seriously injured, is apparently without remedy for it is readily foreseeable that if a direct action is instituted against the Transit Authority a defense of employer-employee relationship would be pleaded. (See *Walker* v. *City of New York*, 8 A D 2d 605.)

When it is considered that the legal precedents relied upon by the board are not governing as a matter of law and when it is further emphasized that the then existing law governing workmen's compensation has been broadened and expanded over the half century involved, the decision should be reversed and the matter remitted for further consideration by the board and for its determination as to whether under the facts the claimant is entitled to an award.

The decision should be reversed and the matter remitted.

STALEY, JR., COOKE and SIMONS, JJ., concur with SWEENEY, J.; HERLIHY, P. J., dissents, and votes to reverse, in an opinion.

Decision affirmed, without costs.