OPINION OF THE COURT
Wachtler, J.
The Workmen’s Compensation Board* (Board) awarded death benefits to decedent’s widow, and the Appellate Division unanimously affirmed. Appellants contend that the fatal accident did not arise out of and in the course of decedent’s employment, as a matter of law, and that the claimant is therefore not entitled to the benefits sought.
On September 19, 1974 decedent, John Holcomb, an employee of the Daily News (News) was on his way to his place of work, the employer’s Brooklyn plant, when he noticed and hailed a passing News delivery truck. Recognizing Holcomb, the driver, who had transported him to the plant several times before, stopped the truck to pick him up. During the ride to the plant Holcomb accidentally fell from the truck suffering fatal injuries.
Although the News was not required by the terms of its express written contract to furnish its employees transportation to and from work, several News truck drivers testified at the hearing that they frequently and regularly did so. Indeed, it was a common practice for drivers to make advance transportation arrangements with other News employees. George Fox, business agent of the Mailers and Deliverers Union and *605 former News truck driver, stated that the practice occurred "every night of the week, 365 days a year.”
Appellants sought to establish that a company rule prohibited this practice, but several News drivers indicated that not only did they know of no such rule, but that company supervisors and dispatchers were aware that drivers were transporting other News employees to work. Fox noted that supervisors had gone so far as to criticize drivers for not having picked up employees.
In a supplemental decision the Board found "that the employer had no rules against picking up fellow employees and driving them to the place of employment; that it was a common practice [of] the employer to have employees picked up and driven to the place of employment; that the employer in effect acquiesced in such course of conduct and that it was advantageous to the employer * * * to have employees brought to the plant on time.”
Preliminarily we note that appellants do not argue that the Board’s factual findings are unsupported by substantial evidence. They urge rather that as a matter of law transportation connected accidents are compensable only where the employer is obligated by contract, either express or implied, to furnish transportation to the injured employee. Since decedent’s contract of employment included no such provision, appellants contend that the fatal accident was not compensable.
The issue is whether workmen’s compensation benefits may properly be awarded for a transportation related injury, where an employer, absent an express contractual duty to provide its employees transportation, knowingly acquiesces to a long-established and commonly occurring practice of its truck drivers to transport other of its employees to work.
In workmen’s compensation cases involving injuries to employees while being transported by their employer to or from work, great emphasis has been placed on whether the transportation was gratuitous or contractually obligatory. It has long been the prevailing rule that transportation provided solely as a gratuitous accommodation for the employees’ convenience is not an incident of the employment (Matter of Kowalek v New York Cons. R. R. Co., 229 NY 489). Injuries sustained by an employee while being transported in this manner have, therefore, been held not to come under the ambit of the Workmen’s Compensation Law (Tallon v Inter *606 borough R. T. Co., 232 NY 410). By contrast, injuries suffered by an employee while in a conveyance furnished by the employer are compensable, if the employment contract, expressly or impliedly, establishes the employer’s duty to provide transportation (Matter of Sihler v Lincoln-Alliance Bank & Trust Co., 280 NY 173). The rule has been stated as follows: "[A] servant is not entitled to compensation under the Workmen’s Compensation Act if injured in a conveyance while on his way to work, unless the contract of hiring expressly or impliedly provides for transportation” (Van Gee v Korts, 252 NY 241, 244-245).
But in more recent cases this rule has been tempered in favor of a more liberal approach. Any inflexible requirement of an express contractual obligation has been abandoned in cases where the employer regularly provides a conveyance exclusively to transport employees to and from work (Michigan Mut. Liab. Co. v State of New York, 31 AD2d 780, affd 25 NY2d 647; Matter of Collier v Nassau, 46 AD2d 970; cf. Matter of Littler v Fuller Co., 223 NY 369; but see Green v Travelers Ins. Co., 286 NY 358).
While transportation provided by an employer in .isolated cases only, or on an infrequent basis, may not be deemed to be an incident of employment, a frequent and regular practice of providing transportation must be viewed differently. Such a course of conduct indicates that the employer has implicitly assumed the responsibility of transporting his employees to work. The employees may come to rely on the employer to continue providing transportation and the employer may likewise encourage the practice to assure that the employees, will arrive at the job on time. At some point the practice may become so common and so associated with the employment that it must be seen as incidental to it (1 Larson, Workmen’s Compensation Law, § 17.30). Once this point is reached there is no meaningful distinction between transportation furnished by custom and that provided by contractual obligation. In both cases the employer has knowingly assumed a duty, partially at least, for his own benefit. Unfortunately it is predictable, and indeed inevitable, that accidents will occur from time to time while employees are traveling to work. An employer who assumes by custom or contract the responsibility to transport his employees must likewise bear the responsibility for the risks encountered in connection with the trans *607 portation. This is especially true when the employer is in exclusive control of the conveyance.
A different result is not required because the conveyance used to transport the employees is at the same time used for another purpose. It would make little sense to negate the employer’s obligation to conduct its employees to work on this basis alone, since the source of the employer’s duty is the frequency and regularity with which it knowingly provides transportation. Consideration must be given to these factors.
In the case before us, the Board found that "it was a common practice” of the employer to transport its employees to and from work, and "that the employer in effect acquiesced in such course of conduct and that [this practice] * * * was advantageous to [it]”. These findings are supported by the testimony of several News truck drivers, and are sufficient basis for the award of workmen’s compensation benefits.
This is not to say that the Board was obliged to find in favor of the claimant. The issue of whether a custom was sufficiently established to render the transportation an incident of the employment was a question of fact for the Board to decide. Our scope of review is limited to whether there is substantial evidence in the record as a whole to support the determination (Matter of Pell v Board of Educ., 34 NY2d 222, 230-231). An examination of the record reveals that this test is satisfied.
In deciding as we do today not only are we fashioning a more rational and sensible rule but we are also promoting the policy of the Workmen’s Compensation Law. As we recently noted: "[T]he Workmen’s Compensation Law, being remedial in character, is to be construed liberally to accomplish the economic and humanitarian objects of the act. (Matter of Husted v Seneca Steel Serv., 41 NY2d 140, 145.)” (Matter of Greene v City of New York Dept. of Social Servs., 44 NY2d 322, 326.)
Accordingly the order of the Appellate Division should be affirmed, with costs.
Judges Jasen, Gabrielli, Jones, Fuchsberg and Cooke concur with Judge Wachtler; Chief Judge Breitel concurs in result only.
Order affirmed.

 By amendment the Workmen’s Compensation Board is now known as the Workers’ Compensation Board (L 1978, ch 79, eff April 18, 1978).