■ In the Matter of the Claim of ELIZABETH BERNARD, Respondent, v HOLIDAY HOUSE OF SLOATSBURG et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. — Kane, J.

Claimant, a stockroom manager at a restaurant located along the northbound side of the New York State Thruway in Rockland County, was injured on her way to work at about 7:15 A.M. on November 10, 1980 as a result of a fall at a gas station located adjacent to the southbound side of the Thruway. Claimant's husband had driven her to an area provided exclusively for employee parking adjacent to but off the Thruway, where she exited the car to proceed on foot to an overpass which crossed over the Thruway to her place of employment. It is claimant's contention that the route she took was customarily used by her and other employees who lived north of their place of employment and was, in fact, the normal route available from the area designated for employee parking to the place of employment. This route led her upon the adjoining premises of a gasoline filling station where, on the morning in question, she fell on some spilled diesel oil which had accumulated after a rainstorm. The question presented is whether the accident which caused claimant's injury is one arising out of and in the course of her employment.

Resolution of this question turns on whether these particular facts place this case in that "gray area" where claimant can be

found to be within the precincts of the employment and thus entitled to compensation (*Matter of Husted v Seneca Steel Serv.*, 41 NY2d 140).

It is our view that this case falls within the exception to the usual rule and is governed by the decision in *Husted* and the many authorities cited therein. The off-premises accident was on the normal route for the most accessible entry to employment which an employee must travel and the particular hazard she incurred along the way became a hazard of the employment (*see, Matter of Brooks v New York Tel. Co.*, 87 AD2d 701, *affd* 57 NY2d 643).

Decision affirmed, with costs to the Workers' Compensation Board. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.