■ In the Matter of the Claim of GINETTE MARQUETTE, Respondent, v NEW YORK TELEPHONE COMPANY, Appellant. WORKERS' COMPENSATION BOARD, Respondent.—Yesawich, Jr., J. Appeal from a decision of the Workers' Compensation Board, filed May 10, 1985, which ruled that claimant sustained a compensable injury and awarded benefits.

On two separate occasions in late 1982, claimant was viciously assaulted near the entrance to Two Penn Plaza, the building in which she then worked as a clerical employee for New York Telephone Company (Telco). That building is in New York City and is part of the Penn Plaza complex which

also includes Penn Station and Madison Square Garden. The first incident occurred some 20 feet from the entrance to Two Penn Plaza. On that occasion, claimant was working the night shift. The second attack took place directly underneath Two Penn Plaza as claimant was arriving for work from her Long Island home. Again, she was proceeding along the public stairway leading from the Long Island Railroad platform in Penn Station to her work site, which was several levels above. The Workers' Compensation Board found claimant's injuries compensable on the ground that the assaults had occurred "within the concept of the precincts of employment". Telco has appealed; we affirm.

Absent some physical connection with the employer's premises, an accident experienced by an employee on the way to work is generally not compensable (Matter of Malacarne v City of Yonkers Parking Auth., 41 NY2d 189, 194). But when the injuries suffered by an employee away from the place of employment are part and parcel of the entrance thereto, they are compensable if there is a "causal relation, a distinct 'arising out of', between the employment and the accident" (Matter of Husted v Seneca Steel Serv., 41 NY2d 140, 145). Application of the latter principle has prompted judicial confirmation of previous Board findings of work-related injuries in instances where the employee was "proceeding to work along the normal route which the employer knew or should have known had to be traveled in order to gain entrance to the work site" (Matter of Borelli v New York Tel. Co., 93 AD2d 940).

Here, both assaults upon claimant occurred in the Penn Plaza complex as she neared the entrance to her particular building. As the Board quite reasonably found, the route claimant chose to reach the work site was a normal and reasonable avenue of approach (see, Matter of Bernard v Holiday House, 110 AD2d 941), one within the precincts of her employment (see, Matter of Konti v New York City Tr. Auth., 111 AD2d 1073). That these assaults took place on a public stairway over which the employer had no direct control does not foreclose compensability (see, Matter of Borelli v New York Tel. Co., supra).

Decision affirmed, with costs to the Workers' Compensation Board. Kane, J. P., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.