■ In the Matter of the Claim of MATTIEL LEMON, Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant. WORKERS' COMPENSATION BOARD, Respondent—Mahoney, P. J. Appeal from a decision of the Workers' Compensation Board, filed March 20, 1986, as amended by decision filed June 11,

1986, which ruled that claimant sustained an accidental injury in the course of her employment and awarded benefits.

Claimant, employed as a conductor by the New York City Transit Authority, was assigned to the employer's Woodlawn route of its IRT No. 4 subway line which operates between Woodlawn Avenue in The Bronx and New Lots Avenue in Brooklyn. Claimant's tour of duty covered the period from 7:23 P.M. to 3:23 A.M. and began and ended at the Woodlawn terminal. When her shift ended she would board a subway train designated "Brooklyn-bound number 4" and return to the Utica Avenue station in Brooklyn nearest to her home and disembark.

On December 15, 1983, claimant worked overtime and finished her shift at approximately 4:00 A.M. Carrying her transportation pass, supplied to her by her employer, and wearing her uniform, she boarded a No. "4" train to Utica Avenue. After arriving at that station and while climbing the stairway leading to the street surface, claimant slipped, fell and fractured her left knee. The bone fracture disabled her until May 2, 1984, when she returned to her duties.

On May 24, 1984, the employer reported the accident but controverted claimant's right to benefits for lost time on the ground that the accident did not arise out of and in the course of her employment. After a hearing at which claimant testified respecting her conditions of employment, the Hearing Officer determined that claimant's injuries occurred out of and in the course of her employment and were, accordingly, compensable. The Workers' Compensation Board affirmed, holding that: "based on the whole record * * * [t]he location where the accident occurred was on the stairs leading to the surface of the street. This was within the precincts of the employment and the accident that occurred constitutes an accidental injury arising out of and in the course of employment." This appeal by the employer ensued. We affirm.

The employer undisputedly issued permanent passes to its employees, including claimant, that guaranteed them free daily transportation on its trains between their home stations and their places of employment with the subway system. Thus, the transportation provided was not on an infrequent basis but was a regular practice which indicates that the employer had implicitly assumed the responsibility of transporting claimant to and from work. When such an arrangement applies and accidents occur while employees are traveling to and from work, the employer who assumes the responsibility to transport his employees must bear the responsibility

for the risks encountered in connection with the transportation, especially when the employer is in exclusive control of the conveyance on which the accident occurred *(see, Matter of Holcomb v Daily News,* 45 NY2d 602; *Matter of Gay v American Janitor Serv.,* 122 AD2d 402).

Finally, substantial evidence supports the Board's conclusion that the Utica Avenue station stairs on which claimant fell were part of claimant's departure route from her employment. The station stairway was integral to her normal route of egress and the employer knew or should have known that claimant *had* to use that route to reach the street above. Accordingly, the Board did not err in holding that the accident happened as an incident and risk of employment *(see, Matter of Husted v Seneca Steel Serv.,* 41 NY2d 140, 144).

Decision affirmed, with costs to the Workers' Compensation Board. Mahoney, P. J., Kane, Main, Casey and Levine, JJ., concur.