Hancock, Jr., J.
(dissenting). I would affirm. The Workers’ Compensation Law was enacted by the Legislature for economic and humanitarian reasons to protect employees and their families by providing "no-fault” recovery for injuries arising out of and in the course of employment (Matter of Richardson v Fiedler Roofing, 67 NY2d 246, 250-251; Surace v Danna, 248 NY 18, 20-21). To carry out this purpose and to implement the underlying legislative policy, the Legislature created the Workers’ Compensation Board and entrusted it with the authority of determining whether particular claims are compensable (see, Workers’ Compensation Law §§ 10, 20). Respecting this broad delegation of authority, we have consistently held that the Board’s factual findings and the inferences it draws therefrom are conclusive on the courts if *331 supported by substantial evidence (see, Matter of Richardson v Fiedler Roofing, supra, at 249-250; Matter of Malacarne v City of Yonkers Parking Auth., 41 NY2d 189, 193). Even where the facts are undisputed, the Board’s determination of whether a particular injury is compensable is a mixed question of law and fact which is beyond our review unless it lacks a rational basis or is based on erroneous legal principles (see, Matter of Fisher [Levine], 36 NY2d 146, 150; Matter of Van Teslaar [Levine], 35 NY2d 311, 317-318; see also, Matter of Richardson v Fiedler Roofing, supra). Here, I believe that the Board’s determination that claimant is entitled to compensation is rational, consistent with established case law, and supported by substantial evidence. I, therefore, respectfully dissent.
On December 15, 1983, claimant, an employee of appellant Transit Authority, completed her shift at the Woodlawn Avenue station and, using her employee pass, boarded a Transit Authority train. After disembarking at the Utica Avenue station, claimant, while climbing the subway stairs, slipped, fell, and injured her knee. Following a hearing, the Referee found that claimant was still on her employer’s premises when she was hurt and that, therefore, she was entitled to compensation. On appeal the Board affirmed the Referee’s decision. It found that although claimant had completed her tour of duty she was still in uniform and was a representative and agent of the Transit Authority, that claimant had traveled to the Utica Station using the free pass supplied by the Transit Authority, that the accident occurred on the employer’s premises and in the precincts of employment and that, therefore, the injury arose out of and in the course of employment. On appeal the Appellate Division affirmed the Board’s determination.
The Board’s conclusion accords with existing precedents. The general rule is that an injury sustained on the employer’s premises while going to or coming from work is compensable as arising out of and in the course of employment (see, Matter of Husted v Seneca Steel Serv., 41 NY2d 140, 142; Matter of Bennett v Marine Works, 273 NY 429, 431; Matter of De Voe v New York State Rys., 218 NY 318, 320; Matter of Leatham v Thurston & Braidich, 264 App Div 449, affd 289 NY 804; Matter of Torio v Fisher Body Div., 119 AD2d 955, 956; Matter of Thompson v New York Tel. Co., 114 AD2d 639; Matter of Grimaldi v Shop Rite Big V, 90 AD2d 608; Matter of McGrath v Chautauqua County Home, 31 AD2d 557; Matter of Babkees v Electrolux Corp., 4 AD2d 710). That the accident actually *332 happens within the confines of the employer’s property is not, however, a sine qua non of recovery. The Board, in its discretion, may find that injuries to employees going to or coming from work which happen in areas adjacent to or near the employer’s property — e.g., an adjacent parking lot or the public highway outside the gate where the employees turn in —may be compensable (see, Matter of Husted v Seneca Steel Serv., supra, at 144-145; Matter of Brooks v New York Tel. Co., 57 NY2d 643, affg for reasons below 87 AD2d 701; Matter of Marquette v New York Tel. Co., 122 AD2d 479, 480; Matter of Bernard v Holiday House, 110 AD2d 941; Matter of Borelli v New York Tel. Co., 93 AD2d 940; cf., Matter of Holcomb v Daily News, 45 NY2d 602, 606-607 [compensation awarded to employee injured some distance from place of work while using transportation customarily provided by employer]).
Here, the Board found that, when she was injured, claimant was not only still "within the precincts of the employment”, but also that she "was wearing her uniform at the time [which] makes her a representative and agent of the employer from whom directions could be asked by members of the traveling public”. The Board also noted that claimant had utilized the free pass provided by the Transit Authority to travel from the Woodlawn Avenue station to the Utica Avenue station. The Board’s determination that, based on these facts, claimant’s accident arose out of and in the course of her employment is consistent with the above principles and should be affirmed.
As the basis for its decision to overrule the Board the majority relies on older decisions of our court in Matter of Kowalek v New York Consol. R. R. Co. (229 NY 489) and Tallon v Interborough R. T. Co. (232 NY 410) and our affirmance in Matter of Murphy v New York City Tr. Auth. (38 AD2d 346, affd no opn 33 NY2d 878). These cases, in my view, are no longer good authority. They held that transit or railroad employees injured while using free passes on their employer’s transportation facilities in going to or from work were not entitled to compensation because: (1) the transportation was not provided as part of the contract of employment, the employee was free to use other methods of transportation, and the employer was indifferent as to what means was used, and (2) the transportation facilities were not provided exclusively for the employee’s use but for the benefit of the general public (see, Tallon v Interborough R. T. Co., supra, at 415; Matter of Kowalek v New York Consol. R. R. Co., supra, at 493). Recent *333 decisions of our court have undercut the validity of these reasons.[1]
In Matter of Holcomb v Daily News (45 NY2d 602, supra) we replaced the inflexible Matter of Kowalek-Tallon rule requiring that the transportation be part of the employment contract with "a more rational and sensible” one allowing recovery where the employer has "a frequent and regular practice” of providing such transportation (45 NY2d, supra, at 606-607). The basis for the rejected contractual rule — the employer’s indifference and the employee’s freedom of choice — must logically be deemed to have been rejected as well.
The second reason for denying recovery in the older cases— that the transportation facilities were open to the general public — has also been abandoned. In Matter of Husted v Seneca Steel Serv. (41 NY2d 140, 144, supra) we held that the mere fact that an accident occurs in an area open to the public does not necessarily negate the right to compensation. Moreover, in Matter of Holcomb (supra, at 607) we stated that it "would make little sense to negate the employer’s obligation” solely because the method of conveyance "used to transport the employees is at the same time used for another purpose” (see also, Matter of Brooks v New York Tel. Co., 57 NY2d 643, supra; Matter of Marquette v New York Tel. Co., 122 AD2d 479, supra; Matter of Borelli v New York Tel. Co., 93 AD2d 940, supra; Matter of Berry v Gertz, Inc., 21 AD2d 708).[2]
Even though I believe that Matter of Holcomb and the fact that the transportation was furnished by the employer would support a finding of compensation here, it is unnecessary to rely solely on Matter of Holcomb because the Board’s findings that claimant was still within the precincts of her employ *334 ment and that she was still an agent of the Transit Authority at the time of the accident provide independent grounds for allowing recovery. But, in any event, I see no valid basis for distinguishing Matter of Holcomb. The key factor in Matter of Holcomb was that the employer regularly and frequently, albeit informally, supplied its employees with transportation to and from work. Here, it is not disputed that the Transit Authority had a formal policy of providing its employees with a pass so that they could ride its trains for free and that at the end of the workday the employees would use it to travel home.
Chief Judge Wachtler and Judges Kaye and Bellacosa concur with Judge Titone; Judge Hancock, Jr., dissents and votes to affirm in a separate opinion in which Judges Simons and Alexander concur.
Order reversed, etc.

. It should be noted that the majority’s position and the principles it relies on are opposed to the weight of American authority (see, 14 Am Jur 2d, Carriers, § 759; 82 Am Jur 2d, Workmen’s Compensation, § 256; Owens v Southeast Ark. Transp. Co., 216 Ark 950, 228 SW2d 646; City & County of San Francisco v Industrial Acc. Commn., 61 Cal App 2d 248, 142 P2d 760; Radermacher v St. Paul City Ry. Co., 214 Minn 427, 8 NW2d 466; Micieli v Erie R. R. Co., 131 NJL 427, 37 A2d 123; Brown v Pittsburgh Rys. Co., 197 Pa Super 68, 177 A2d 5 [equally divided court]).

. Moreover, it should be noted that Tallon v Interborough R. T. Co. (232 NY 410) was a negligence case and in Matter of Murphy v New York City Tr. Auth. (38 AD2d 346, affd 33 NY2d 878) the Board determined the claimant was not entitled to recovery. Thus, in neither case were we required, as here, to reject the Board’s decision in order to reach our holding of no recovery.