■ JAMES M. CONSTANTINE et al., Appellants, v SPERRY CORPORATION et al., Respondents.—In an action to recover damages for personal injuries, the plaintiffs appeal from a judg-

ment of the Supreme Court, Nassau County (Levitt, J.), entered October 6, 1987, which denied the plaintiffs' motion for summary judgment and granted the defendants' cross motion for summary judgment dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

The plaintiff James Constantine sustained physical injuries when the van in which he was a passenger struck a curb causing him to fall out of his seat. The van was leased by the plaintiff's employer, Sperry Corporation, for the purpose of transporting its employees to and from work in an effort to lessen the congestion of its parking lot. The van was operated by a fellow employee of the plaintiff, the defendant Oligario. Under these circumstances, the plaintiff's injuries arose out of and in the course of his employment with the defendant Sperry Corporation (see, Matter of Holcomb v Daily News, 45 NY2d 602). Therefore, the plaintiff's sole remedy is the one provided by the Workers' Compensation Law (see, Workers' Compensation Law § 29 [6]). Since both the plaintiff's employer and co-worker are immune from suit, there can be no liability imputed to Gelco Corporation, the owner of the van (see, Heritage v Van Patten, 59 NY2d 1017, 1019; Ulysse v Nelsk Taxi, 135 AD2d 528, 530). In light of the fact that the primary cause of action must fall, the derivative cause of action by the plaintiff's wife must also be dismissed (see, Eagleston v Mt. Sinai Med. Center, 144 AD2d 427). Mangano, J. P., Kooper, Sullivan and Harwood, JJ., concur.