■■■ MERRIE M. HILL, Respondent, v HUBERT J. SPECKARD, Appellant, et al., Defendant. (Appeal No. 1.) [619 NYS2d 903] —Order unanimously reversed on the law without costs, cross motion granted and complaint against defendant Speckard dismissed. Memorandum: Plaintiff was injured when the car in which she was a passenger collided with a vehicle being driven by Hubert J. Speckard (defendant). At the time of the accident, plaintiff, who was employed by the State University, was returning home from Geneseo where she had attended a work-related training program. Defendant, who was employed by the State as Superintendent of Groveland Correctional Facility, also was returning home from work and was driving a State-owned vehicle.

Plaintiff sued defendant for damages for personal injuries she suffered in the collision. Defendant raised the affirmative defense that, because he and plaintiff were coemployees of the State and were acting in the course of their employment at the time of the accident, workers' compensation benefits constituted plaintiff's exclusive remedy *(see,* Workers' Compensation Law § 29 [6]; *Naso v Lafata,* 4 NY2d 585, *rearg denied* 5 NY2d 861). Plaintiff moved to dismiss that defense and defendant cross-moved for summary judgment. We conclude that Supreme Court erred in denying defendant's cross motion.

Plaintiff has accepted workers' compensation benefits, and the parties have not contested that her injuries arose out of and in the course of her employment. The issue is whether, at the time of the accident, defendant was acting in the course of his employment. As a general rule, an employee is not acting in the course of employment while commuting to and from

work *(Matter of Fine v S.M.C. Microsystems Corp.,* 75 NY2d 912, 914; *Matter of Lemon v New York City Tr. Auth.,* 72 NY2d 324, 327). An exception to that rule exists where, by reason of contractual agreement, policy or custom, the employer regularly provides a vehicle for the employee's use in commuting to and from work for reasons that benefit the employer *(Matter of Holcomb v Daily News,* 45 NY2d 602, 606; *Schauder v Pfeifer,* 173 AD2d 598; *Constantine v Sperry Corp.,* 149 AD2d 394; *Matter of Gay v American Janitor Serv.,* 122 AD2d 402). Thus, it has been held that, where a police department routinely provided transportation to and from work for a police sergeant who was on call 24 hours a day, the operation of the vehicle was related to the sergeant's employment and an injury occurring during that operation arose out of and in the course of employment *(Matter of Collier v County of Nassau,* 46 AD2d 970).

The undisputed facts of the instant case establish that, as part of statewide departmental policy, the State provided defendant with a vehicle that he was expected to use for work-related travel, including driving to and from work. Defendant was "on call" 24 hours a day, and the vehicle was equipped with a cellular phone and short-wave radio so that he could be reached while in transit. Under those circumstances, the employer derived a benefit from defendant's use of the vehicle, and thus defendant's use of the vehicle for driving home from work was within the course of employment *(see, Matter of Holcomb v Daily News, supra; Matter of Collier v County of Nassau, supra).* Because plaintiff and defendant were in the course of the same employ at the time of the accident, workers' compensation benefits are plaintiff's exclusive remedy.

Because we grant defendant's initial cross motion for summary judgment, the appeal and cross appeal from the subsequent order granting reargument of defendant's cross motion for summary judgment and denying plaintiff's motion to dismiss a new affirmative defense are moot and are dismissed. (Appeal from Order of Supreme Court, Erie County, Joslin, J. —Summary Judgment.) Present—Denman, P. J., Pine, Balio, Callahan and Davis, JJ.