*175 OPINION OF THE COURT
William F. O’Brien, III, J.
STATEMENT OF THE FACTS
The underlying cause of action herein arose on September 1, 1998 at approximately 4:00 p.m. when plaintiff, a passenger on a bus owned and operated by defendant Association of Retarded Citizens (ARC), sustained injuries when the bus was involved in an accident in the Town of Stockbridge (County of Madison), New York. Plaintiff, an adult, who is mentally challenged, was a participant in defendant ARC’s sheltered employment program for disabled and retarded persons and rode the bus back and forth from her workplace. Plaintiff, in such program, assembled, sorted and packaged containers for local businesses that subcontracted the work and was paid at piece rate (consisting of a few cents an hour) approved by the United States Department of Labor.
Plaintiff neither made application for nor otherwise attempted to obtain workers’ compensation benefits. Defendant ARC, however, through its insurance carrier, attempted to tender workers’ compensation benefits to plaintiff for her injuries. Plaintiff, by her attorney, refused such workers’ compensation benefits. Plaintiff then commenced this personal injury action against defendants by summons and complaint filed on November 16, 1998. Defendants now move to dismiss plaintiff’s complaint, alleging that plaintiff’s remedy is provided by Workers’ Compensation Law, which remedy is exclusive and bars the instant action as a matter of law. Plaintiff opposes defendants’ motion, alleging that Workers’ Compensation Law does not bar this personal injury action given the present set of circumstances, and cross-moves to strike defendants’ affirmative defense that plaintiff’s exclusive remedy is workers’ compensation.
Defendant alleges that, contrary to the general rule that injuries sustained while commuting to and from work in a private vehicle are not compensable by workers’ compensation, where an employer regularly provides a vehicle for employee’s use in commuting to and from work for reasons that benefit the employer, the commute is considered within the scope of the employment. Plaintiff, to the contrary, alleges that the ARC bus transportation was provided to plaintiff as a benefit to plaintiff, not to defendant employer and that plaintiff was not acting within the scope of her employment when she was commuting on the defendant ARC’s bus.
*176 In support of its motion, defendants submit, inter alia, an attorney’s affidavit and an affidavit of Marilyn Dealing, defendant ARC’s Assistant Executive Director of Business. Assistant Director Dealing states, in her affidavit, that as part of her responsibilities, she manages the human resources department and deals with employee benefit issues, and by reason of plaintiffs mental retardation, plaintiff was unable to get to and from work, so defendant provided this transportation as part of plaintiffs terms and conditions of employment; and that plaintiff could not have been employed in the program without the bus transportation being provided by defendant.
In opposition to defendants’ motion and in support of her cross motion, plaintiff submits, inter alia, an affidavit of her attorney, an affidavit of Doris Cook (plaintiffs mother), an affidavit of plaintiff, and a memorandum of law. Plaintiff, in her affidavit, testifies as to the bus accident and her injuries, that the object of her commute on the bus was to return to her residence as a derivative benefit offered to defendant ARC’s employees, that she has never done work for her employer while commuting or at her residence, and that her employment situation is benevolent (i.e., because of her handicap) and she is not, as such, gainfully employed. Plaintiffs mother, in her affidavit, testifies that the bus transportation was provided as a convenience to plaintiff and that if such transportation had not been provided, she or a friend or relative would have driven plaintiff to her employment.
RELEVANT LAW/ANALYSIS
Workers’ Compensation Law §§ 11 and 29 establish the exclusive remedy doctrine which provides that an employee cannot sue her employer (or a fellow employee) for an accidental injury which arose out of and in the course of her employment. The principal and determinative issue upon the motions before the court, constraining an interpretation of such doctrine, is whether plaintiffs injuries arose out of and in the course of her employment with defendant ARC, i.e., whether plaintiffs journeys to and from work on the bus provided by defendant ARC should be characterized as part of the service and/or job duties performed by plaintiff. As explained herein, the conclusion is compelled, based on applicable statutes and case law and the record before the court as established by the submissions of the parties, that plaintiffs injuries did not arise out of and in the course of her employment with defendant ARC, that defendants’ motion must be *177 denied, and plaintiffs cross motion to strike defendants’ affirmative defense that plaintiffs exclusive remedy is workers’ compensation must be granted.
The generally applicable rule, well established in case law, is that “employees are not deemed to be within the scope of their employment while [commuting because] * * * the risks inherent in traveling to and from work relate to the employment in only the most marginal sense.” (Matter of Greene v City of N. Y. Dept. of Social Servs., 44 NY2d 322 [1978]; see also, Matter of Lemon v New York City Tr. Auth., 72 NY2d 324 [1988].)
Defendants contend, however, that this case falls into an exception to this general rule because plaintiffs transportation on defendant ARC’s bus was “a necessary condition and incident of her employment by ARC, without which plaintiff could not have been employed” (defendants’ attorney’s affidavit, at 2, para 5). The determination of the merits of defendants’ contention turns on whether defendants’ proposed exception to the general rule is proper under applicable case law, if so, whether such exception is applicable herein given the unique facts of this case, and whether the record factually supports defendants’ (albeit implied) allegation that, in the absence of the provision of such transportation, plaintiff would not have been able to work.*
Defendants cite a handful of cases in support of their contention, principally relying upon Hill v Speckard (209 AD2d 1007 [4th Dept 1994]) for the proposition that by reason of a contractual agreement, policy or custom by which defendant ARC provided the bus transportation, and because it allegedly was provided for defendant ARC’s benefit (not for the plaintiffs benefit), plaintiffs exclusive remedy is provided by workers’ compensation. The proffered proposition, that the general rule will not apply where, by reason of contractual agreement, policy or custom, the employer provides a vehicle for the employee’s use in commuting to and from work for reasons that benefit the employer, originated in Matter of Holcomb v Daily News (45 NY2d 602 [1978]). Although the statement of such proposition by defendants is not a misinterpretation of Hill and Holcomb, the divergent procedural posture and distinguishing *178 facts between Hill and Holcomb and the present case, when considered in conjunction with the lack of support in the record for certain factual allegations made by defendants (i.e., plaintiff unable to get to and from work without defendant ARC’s bus transportation), limit the harmony of the rule from such cases with this case and the probative value of such an analysis on the present set of facts.
In Hill (supra), the Court stated that “[pjlaintiff has accepted workers’ compensation benefits, and the parties have not contested that her injuries arose out of and in the course of her employment. The issue is whether, at the time of the accident, defendant was acting in the course of his employment.” (Supra, at 1007.) Therefore, the inquiry in Hill was completely different than here, where the plaintiff has never applied for workers’ compensation benefits and the pertinent issue is whether the plaintiff was acting in the scope of her employment when injured (not whether the allegedly negligent party, the coemployee, was acting in the scope of his employment). Similarly, in Holcomb (supra), an appeal of the Workers’ Compensation Board’s award of death benefits to a decedent’s widow, contrary to the instant case, the plaintiff elected to apply for workers’ compensation benefits which were granted and then appealed.
In this case, as compared with Hill (supra) and Holcomb (supra), defendants urge this court to adopt a limited view of plaintiff’s remedial rights outside the domain of Workers’ Compensation Law (elected by the plaintiff), whereas the defendant in Hill and Holcomb argued for a limited view of plaintiff’s remedial rights within the domain of the Workers’ Compensation Law (elected by the plaintiffs). For the following reasons, the exception to the general rule, as established in Hill and Holcomb, is not dispositive of the issue in this case and a different result is compelled by the unique facts of this case and the record before the court.
In both Hill (supra) and Holcomb (supra), the Courts inquired into whether the employer knowingly assumed a duty by deriving a benefit from the employees’ use of the vehicle for commuting and, in both cases, found (within the context of affirming decisions to grant the plaintiffs’ application for workers’ compensation benefits) that the employers had assumed such a duty because providing such transportation was, at least partially, for the benefit of the employer.
Here, in addition to the fact that plaintiff has never applied for workers’ compensation benefits, the benevolent cause for *179 defendant ARC’s endeavors marks a crucial distinction from cases with factual scenarios such as Hill (supra) and Holcomb (supra). There is no evidence in the record here, and defendants do not dispute, that defendant ARC is anything other than a benevolently founded (not-for-profit) organization “whose mission is to provide comprehensive services to families and people with challenged abilities, including mental retardation” (affidavit of Marilyn Dealing para 2).
In other words, this is not a case where a defendant employer provides transportation to a vital employee or án employee who is “on call” or traveling extensively (e.g., a police officer or a State employee) and the provision of such transportation is necessary to either produce income (for the owners’ profit-making companies) or provide a valuable and necessary service for tax-paying constituents (the functional equivalent of owners) in the case of governmental employers. In this case, it would be disingenuous for defendants to claim that defendant ARC itself derives anything but de minimis benefits (in the form of profits or necessary and valuable services) from the handicapped “employees” given the stated goals of their organization and that the plaintiff is the party for whose benefit the benevolent organization exists.
It cannot reasonably be said that plaintiffs participation in defendant ARC’s sheltered workplace program was “gainful employment” in any meaningful sense (plaintiff only was paid a few pennies an hour) and there is no evidence in the record that plaintiff was contractually bound to accept such transportation as part of her participation in the sheltered employment program or that plaintiff was otherwise performing (or ever had performed) any employment-related tasks while on the bus or at her home.
Plaintiffs mother, Doris Cook, testifies in her affidavit that if the bus transportation was not provided, she, a relative or a friend would have transported plaintiff to the workplace. Defendants do not dispute this statement by plaintiffs mother and, despite their naked assertion that “plaintiff could not have been employed in the program without the bus transportation being provided by defendant”, have presented no evidence that plaintiff, or any other program participants, would not be allowed to participate in the program unless they were transported by defendant ARC’s bus. Defendant also does not contradict the testimony of plaintiff that she had never done any work for her employer while at home or on the bus.
In sum, the conclusion is compelled that the bus transportation provided to plaintiff was a gratuitous accommodation of *180 fered as a benefit and convenient option for the participants (and families of the participants) in the sheltered employment program, a program within the comprehensive services gratuitously provided to handicapped persons such as plaintiff by a not-for-profit organization with a benevolent cause. Plaintiffs injuries did not arise out of and in the course of her employment with defendant ARC.
Accordingly, for all these reasons, defendants’ motion is, in all respects, denied and plaintiffs cross motion to strike defendants’ affirmative defense that plaintiffs exclusive remedy is workers’ compensation is granted in its entirety.

 Although defendants make the allegation several times in the record that, absent the provided bus transportation, plaintiff would not have been able to work, defendants do not clarify whether the allegation proposes either that plaintiff’s employment was contractually dependent upon her acceptance of that means of transportation or that, due to her handicap or other factors, plaintiff was unable to obtain alternate transportation to work.