■ WAYNE CHIN, Respondent, v ANGELO PERRUCCI et al., Appellants. [25 NYS3d 257]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Queens

County (Butler, J.), entered January 20, 2015, which granted the plaintiff's motion for leave to renew his prior motion for summary judgment on the issue of liability, which had been denied in an order of the same court entered April 23, 2014, and, upon renewal, in effect, vacated the determination in the order entered April 23, 2014, denying the plaintiff's motion for summary judgment on the issue of liability, and thereupon granted that motion.

Ordered that the order entered January 20, 2015, is affirmed, with costs.

This action arises out of a four-car accident that occurred on the Long Island Expressway in Nassau County. It is uncontested that the vehicle owned and operated by the plaintiff was struck in the rear by a vehicle owned by the defendant Angelo Perrucci and operated by the defendant Ashley Perrucci (hereinafter Ashley).

Prior to any discovery being conducted, the plaintiff moved for summary judgment on the issue of liability. In opposition to the plaintiff's motion, the defendants submitted, inter alia, Ashley's affidavit, wherein she stated that prior to the accident, "traffic was moving well at a steady pace" when "[s]uddenly, and for no apparent reason, the plaintiff's vehicle . . . unexpectedly stopped short." She also averred that there were no traffic conditions or exit/entrance ramps that caused the plaintiff's vehicle to stop short. By order entered April 23, 2014, the Supreme Court denied the motion, determining that issues of fact existed that had to be resolved at trial. No appeal was taken from this order.

Discovery was thereafter conducted, including the depositions of the parties. At her deposition, Ashley testified that just prior to striking the plaintiff's vehicle in the rear, she had looked away from the roadway and down at the clock on the dashboard, turned a dial on the radio, looked back up, and saw that the car in front of her was completely stopped. She further testified that when she looked up and applied the brakes, she was not able to see in front of the plaintiff's vehicle and, accordingly, was not aware of the traffic conditions in front of the plaintiff's vehicle.

Following the completion of discovery, the plaintiff moved for leave to renew his prior motion for summary judgment on the issue of liability. The Supreme Court granted leave to renew and, upon renewal, granted the plaintiff's motion for summary judgment on the issue of liability. The defendants appeal.

Here, Ashley's deposition testimony contained new facts not offered on the prior motion that changed the prior determina-

tion (*see* CPLR 2221 [e]). Indeed, with the benefit of the deposition testimony, the plaintiff made a prima facie showing establishing his entitlement to judgment as a matter of law on the issue of liability (*see Salako v Nassau Inter-County Express*, 131 AD3d 687, 687 [2015]; *Brothers v Bartling*, 130 AD3d 554, 555 [2015]; *Gavrilova v Stark*, 129 AD3d 907 [2015]; *Gutierrez v Trillium USA, LLC*, 111 AD3d 669, 670-671 [2013]; *Savarese v Cerrachio*, 79 AD3d 725, 725 [2010]; *Ramirez v Konstanzer*, 61 AD3d 837 [2009]; *Harrington v Kern*, 52 AD3d 473 [2008]; *Johnston v Spoto*, 47 AD3d 888 [2008]). In opposition, the defendants failed to raise a triable issue of fact.

The defendants' remaining contention is without merit.

Accordingly, the Supreme Court properly granted the plaintiff's motion for leave to renew and, upon renewal, for summary judgment on the issue of liability. Balkin, J.P., Hall, Cohen and Hinds-Radix, JJ., concur.