■ ANGELA DELEO, Plaintiff, and DENNIS SHANNON, Appellant, v FEDERAL EXPRESS CORPORATION et al., Respondents. [30 NYS3d 248]—

In an action to recover damages for personal injuries, the plaintiff Dennis Shannon appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (McDonald, J.), entered September 30, 2015, as denied that branch of his motion which was for leave to renew his prior motion for summary judgment on the issue of liability, which had been denied in an order of the same court entered January 16, 2015.

Ordered that the order is reversed insofar as appealed from, on the law and in the exercise of discretion, with costs, that branch of the motion of the plaintiff Dennis Shannon which was for leave to renew is granted, upon renewal, the order entered January 16, 2015, is vacated, and the motion of the plaintiff Dennis Shannon for summary judgment on the issue of liability is granted.

On September 29, 2012, a vehicle driven by the plaintiff Dennis Shannon, in which the plaintiff Angela Deleo was a passenger, was struck in the rear by a vehicle driven by the defendant Aristides Rosario and owned by the defendant Federal

Express Corporation. After the accident the plaintiffs commenced this action to recover damages for personal injuries.

After issue had been joined, but before any discovery was conducted, Shannon moved for summary judgment on the issue of liability. In opposition to Shannon's motion, the defendants submitted, inter alia, an affidavit from Rosario, in which he stated that prior to the impact, Shannon "came to an abrupt, sudden and unexpected stop after clearing the intersection," and that "[t]here was no reason for [Shannon] to come to the abrupt, sudden and unexpected stop as traffic was moving." By order entered January 16, 2015, the Supreme Court denied the motion, determining that issues of fact existed that had to be resolved at trial.

Discovery was thereafter conducted, including the depositions of the parties. At his deposition, Rosario testified that just prior to striking Shannon's vehicle in the rear, he caught a "glimpse" of another vehicle in front of Shannon's vehicle. Rosario stated that the driver of that other vehicle "also came to a stop, but I don't know if he was actually pulling to the side for parking, but he did go to the side, but stopped abruptly." The plaintiff's attorney asked "That vehicle in front of [Shannon's vehicle] also abruptly stopped?" and Rosario replied, "Yes." The plaintiff's attorney then asked "And you saw him do that?" and Rosario replied "Yeah."

Thereafter, Shannon moved for leave to renew his prior motion for summary judgment on the issue of liability. The Supreme Court denied leave to renew holding, inter alia, that there were no new facts that warranted a change in its prior determination. Shannon appeals.

Here, Rosario's deposition testimony contained new facts not offered on the prior motion that would change the prior determination (see CPLR 2221 [e]; Chin v Perrucci, 136 AD3d 653 [2016]). With the benefit of Rosario's deposition testimony, Shannon established his prima facie entitlement to judgment as a matter of law on the issue of liability (see Chin v Perrucci, 136 AD3d 653 [2016]; Salako v Nassau Inter-County Express, 131 AD3d 687, 687 [2015]; Brothers v Bartling, 130 AD3d 554, 555 [2015]; Gavrilova v Stark, 129 AD3d 907 [2015]; Gutierrez v Trillium USA, LLC, 111 AD3d 669, 670-671 [2013]). In opposition, the defendants failed to raise a triable issue of fact.

Accordingly, the Supreme Court should have granted that branch of Shannon's motion which was for leave to renew, and upon renewal, vacated its prior order and granted Shannon's motion for summary judgment on the issue of liability. Hall, J.P., Cohen, LaSalle and Connolly, JJ., concur.