Yue Liang Wang v Qiang Lin (2022 NY Slip Op 07479)

Yue Liang Wang v Qiang Lin

2022 NY Slip Op 07479

Decided on December 28, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 28, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
REINALDO E. RIVERA
LARA J. GENOVESI
JANICE A. TAYLOR, JJ.

2021-08085
 (Index No. 709959/19)

[*1]Yue Liang Wang, plaintiff-respondent, 
v
Qiang Lin, appellant, Thomas J. Connolly, defendant-respondent, et al., defendant.

Morris, Duffy, Alonso, Faley & Pitcoff, New York, NY (Iryna S. Krauchanka and Kevin G. Faley of counsel), for appellant.
Scahill Law Group, P.C., Bethpage, NY (Keri A. Wehrheim of counsel), for defendant-respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Qiang Lin appeals from an order of the Supreme Court, Queens County (Pam Jackman Brown, J.), entered September 29, 2021. The order denied that defendant's motion for leave to renew his prior motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against him based on Workers' Compensation Law § 29, which had been denied in a prior order of the same court entered January 26, 2021.
ORDERED that the order entered September 29, 2021, is reversed, on the law and in the exercise of discretion, with one bill of costs payable by the plaintiff and the defendant Thomas J. Connolly, the motion of the defendant Qiang Lin for leave to renew is granted, upon renewal, the order entered January 26, 2021, is vacated, and the motion of the defendant Qiang Lin for summary judgment dismissing the complaint and all cross claims insofar as asserted against him is granted.
The plaintiff commenced this action to recover damages for personal injuries he allegedly sustained in a motor vehicle accident involving six vehicles. The plaintiff was a passenger in the third vehicle, which was owned by his employer, Edwin & Kris, Inc., and operated by his co-employee, the defendant Qiang Lin (hereinafter Lin). The defendant Thomas Connolly, operated the fifth vehicle. Lin moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against him based on the exclusivity provision of the Workers' Compensation Law. In an order entered January 26, 2021, the Supreme Court denied Lin's motion. Thereafter, Lin moved for leave to renew his prior motion for summary judgment. In an order entered September 29, 2021, the Supreme Court denied Lin's motion. Lin appeals from the order entered September 29, 2021.
"In general, a motion for leave to renew must be based upon new facts not offered on the prior motion that would change the prior determination, and must set forth a reasonable justification for the failure to present such facts on the prior motion" (Deutsche Bank Natl. Trust Co. v Elshiekh, 179 AD3d 1017, 1020; see CPLR 2221[e]). "'While a court has discretion to entertain renewal based on facts known to the movant at the time of the original motion, the movant must set [*2]forth a reasonable justification for the failure to submit the information in the first instance'" (25 Bay Terrace Assoc., L.P. v Public Serv. Mut. Ins. Co., 194 AD3d 668, 674, quoting Bank of N.Y. Mellon Trust Co., N.A. v Talukder, 176 AD3d 772, 773-774 [internal quotation marks omitted]).
Here, the plaintiff's deposition testimony, which was taken after the summary judgment motion was made, contained new facts not offered on the prior motion that would change the prior determination (see CPLR 2221[e]; Deleo v Federal Express Corp., 138 AD3d 913, 914; Chin v Perrucci, 136 AD3d 653). With the benefit of the parties' deposition testimony, Lin established his prima facie entitlement to judgment as a matter of law, based on the exclusivity provision of the Workers' Compensation Law (see Workers' Compensation Law § 29[6]; Matter of Holcomb v Daily News, 45 NY2d 602, 606-607; DiMarco v Coscia, 192 AD3d 867, 868; Zielinski v New Jersey Tr. Corp., 170 AD3d 927, 928; Constantine v Sperry Corp., 149 AD2d 394). In opposition, the plaintiff and Connolly failed to raise a triable issue of fact.
Accordingly, the Supreme Court should have granted Lin's motion for leave to renew, and, upon renewal, vacated its prior order and granted Lin's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against him based on Workers' Compensation Law § 29.
Connolly's remaining contentions are without merit.
DUFFY, J.P., RIVERA, GENOVESI and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court