940 Corp. v Lamonthe

2026 NY Slip Op 50759(U)

May 20, 2026

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Digest-Index Classification: Landlord and Tenant—Summary Proceedings--Licensee Holdover Proceeding--Standing to Assert Defenses

940 Corp., Petitioner-Landlord-Appellant,

v

Ander Lamonthe, Respondent-Respondent, and "John Doe" and "Jane Doe", Respondents-Occupants.

Supreme Court, Appellate Term, First Department

Decided on May 20, 2026

570383/26

Present: James, P.J., Brigantti, Perez, JJ.

Petitioner, as limited by its briefs, appeals from 1) that portion of an order of the Civil Court of the City of New York, Bronx County (Diane E. Lutwak, J.), dated August 13, 2024, which denied its motion for summary judgment of possession and sua sponte deemed respondent's answer amended to include the defenses of harassment and retaliatory eviction, and 2) that portion of an order of the same court (Bernadette G. Black, J.), dated February 24, 2026, which denied its cross-motion for summary judgment and to dismiss respondent's defenses in a licensee holdover summary proceeding.

[*1]

Per Curiam.

Order (Bernadette G. Black, J.), dated February 24, 2026, reversed, with $10 costs, and upon renewal, petitioner's motion for summary judgment of possession granted. Appeal from order (Diane E. Lutwak, J.), dated August 13, 2024, dismissed, without costs, as academic.

Civil Court should have granted petitioner's renewed motion for summary judgment in this licensee holdover proceeding, since it was made upon new facts not offered on the prior motion that would change the prior determination (see CPLR 2221 [e]; Yue Liang Wang v Qiang Lin, 211 AD3d 1087, 1088 [2022]), namely the dismissal of respondent Lamonthe's CPLR article 78 challenge to the DHCR determination denying his claim for succession rights to the subject apartment.

As a result of DHCR's determination, which cannot be collaterally attacked in this summary proceeding, petitioner established a prima facie entitlement to summary judgment of possession against respondent-licensee (see Bedford Gardens Co., LP v Jacobowitz, 29 AD3d 501 [2006]). In opposition, respondent failed to raise any triable issue of fact. Respondent is not a tenant and therefore lacks standing to assert a defense of retaliatory eviction pursuant to Real Property Law (RPL) § 223—b (see Kenilworth Equities Ltd. v Di Donato, 8 Misc 3d 130[A], 2005 NY Slip Op 51036[U] [App Term, 9th & 10th Jud Dists 2005]). To the extent respondent relies [*2]on the stipulation in a prior nonpayment proceeding to provide him with the possessory interest of a tenant, he did not comply with the terms of that stipulation, which conditioned petitioner's offer of a lease in his name to the payment of the rent arrears and a showing that respondent had succession rights.

Nor is respondent's assertion of harassment under New York City Administrative Code § 27-2004 (a)(48) a defense to petitioner's possessory claim in these circumstances (see NYC Admin. Code § 27-2115, et. seq; see generally Goethals Mobile Park v Staten Is. Meadowbrook Park Civic Assn., 208 AD2d 896 [1994]; Blumenthal v Chwast, 2003 NY Slip Op 50029[U] [App Term, 1st Dept Jan. 23, 2003, No. 570713/12]). Our disposition is without prejudice to respondent raising such claim in a proper forum.

THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

I concur I concur I concur

Decision Date: May 20, 2026